IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TRACY DEBOSE LAMPKIN,  )<br>  )<br>  Plaintiff  )<br>  )<br>  )  CIVIL ACTION NO.<br>v.  )  1:06-CV-538-WKW<br>  )<br>UNITED PARCEL SERVICE  )<br>C/O THE CORPORATION  )<br>  )<br>  Defendant.  )<br>_____) | |

## ANSWER

Defendant "United Parcel Service C/O The Corporation" ("UPS" or "Defendant"), an improperly named party which appears specially, hereby answers and asserts affirmative defenses to Plaintiff's Complaint, dated June 16, 2006, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against UPS upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, Plaintiff's claims are barred because of insufficiency of process.

### THIRD DEFENSE

Upon information and belief, Plaintiff's claims are barred because of insufficiency of service of process.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to properly exhaust administrative remedies.

## SIXTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrines of estoppel, waiver, laches, and unclean hands.

## SEVENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because the employment decisions at issue were based upon legitimate, non-discriminatory factors.

## EIGHTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate her claims of damages, the existence of such damages being hereby denied.

## NINTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because UPS at all times acted in good faith and in a lawful manner towards Plaintiff.

## TENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to plead or allege conditions and facts precedent to her claims.

## ELEVENTH DEFENSE

Plaintiff is not entitled to punitive damages because UPS made good faith efforts to comply with all applicable anti-discrimination and other applicable laws.

LEGAL02/30263474v1

- 3 -

## THELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if some impermissible motive were a factor in any employment action with respect to Plaintiff, a claim that UPS expressly denies, the same decisions would have been reached for legitimate business reasons.

## THIRTEENTH DEFENSE

Plaintiff fails to establish a prima facie case of race or gender discrimination.

## FOURTEENTH DEFENSE

Defendant responds to the enumerated paragraphs in Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 1 of the Complaint, such allegations therefore stand denied.

2.

Defendant denies that Paragraph 2 of the Complaint identifies Defendant's proper name. Defendant denies that the location listed in Paragraph 2 of the Complaint is Defendant's principal place of business. Defendant admits that delivering packages is a major aspect of Defendant's business. Defendant admits that as of January 31, 2007, UPS's Dothan Center had ninety-seven (97) employees.

3.

Defendant states that the allegations contained in Paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent Paragraph 3 of the Complaint contains factual allegations, such allegations are denied.

4.

Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.

Defendant admits that Plaintiff is presently employed by UPS.

6.

Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant admits that Plaintiff is an African-American female. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant admits that UPS's Dothan Center is located at 4116 Montgomery Hwy, Dothan, AL 36303. Defendant denies the remaining allegations contained in Paragraph 10 and specifically denies that any illegal activity took place.

11.

UPS admits that Plaintiff filed a charge of discrimination with the EEOC in November of 2005, that the charge of discrimination was dismissed, and that the EEOC issued a "Notice of Suit Rights," dated April 10, 2006. Defendant denies that the charge of discrimination was timely filed.

12.

Defendant denies the allegations contained in Paragraph 12. Defendant specifically denies that Plaintiff is entitled to any relief.

RESPONSE TO THE UN-ENUMERATED ALLEGATIONS IN PLAINTIFF'S COMPLAINT

In response to the un-enumerated allegations contained in Plaintiff's Complaint, UPS admits that Plaintiff's name is Tracy Debose Lampkin; that UPS hired Plaintiff in January of 1997 as a part-time hourly worked in a position classified as "Sorter"; that Plaintiff was promoted to the position of "Part-Time Local Sort Supervisor" in December of 2001; and that Plaintiff is still employed by UPS.

As to the remaining allegations contained in Plaintiff's Complaint, UPS either (1) denies such allegations based on the information known by or available to it; or (2) lacks sufficient knowledge and information to admit or deny such allegations, which therefore stand denied.

UPS further states that, unless specifically admitted herein, UPS denies each and every allegation contained in Plaintiff's Complaint and further denies that Plaintiff is entitled to any relief, including the relief specifically demanded in her Complaint.

Respectfully submitted this 20th day of February, 2007.

          s/Donald R. James, Jr.
          William J. Baxley (BAX 001)
          Donald R. James, Jr. (JAM016)
          BAXLEY, DILLARD, DAUPHIN,
          McKNIGHT & BARCLIFT
          2008 Third Avenue South
          Birmingham, Alabama 35233
          (205) 271-1100

          Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TRACY DEBOSE LAMPKIN, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE )<br>C/O THE CORPORATION )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION NO.<br>1:06-CV-538-WKW |

CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2007, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: none

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Tracy DeBose Lampkin
>*Pro Se*
>165 Trapper Ridge
>Cottonwood, AL 36320

This 20th day of February, 2007.

>s/Donald R. James, Jr.
>Donald R. James, Jr.

LEGAL02/30263474v1