IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTIRCT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY D. LAMPKIN | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| | ) |
| v. | ) NO: CV 1:06cv538-WKW |
| | ) |
| UNITED PARCEL SERVICE | ) |
| | ) |
| | ) |
| Defendant, | ) |

**AMENDED COMPLIANT**

COMES NOW **TRACY LAMPKIN** (hereinafter "Ms. Johnson" or "Plaintiff"), Plaintiff, by and through her undersigned counsel, and sets for her amended compliant for damages against the above-named Defendant United Parcel Service a duly incorporated company within the State of Alabama as follows:

**JURISDICTION**

1.

This action is for discrimination based upon race, sex and retaliation arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (hereinafter "Title VII") and violation of the Equal Pay Act Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages,

1

punitive damages and attorney's fees and costs. The claims herein present a federal question thus jurisdiction is proper before this Court pursuant to 28 U.S.C. §1331 and U.S.C. 1343. Plaintiff further invokes pedant jurisdiction of this Court to hear and decide claims arising under the laws of the State of Alabama.

## VENUE

2.

All parties to this action reside or are located within the boundaries of this judicial district, and venue is proper pursuant to, *inter alia,* 28 U.S.C. Section 1391 (b) and 42 U.S.C. Section 2000e-(f) (3). Moreover, all action alleged herein occurred within the Middle District of Alabama. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

3.

Plaintiff, Ms. Lampkin, is a black female resident of the Middle District of Alabama, and at all times relevant to this matter was employed by the Defendant United Parcel Service

4.

This Court has personal jurisdiction over United Parcel Service  United

2

Parcel Service is now, and at all times relevant to this action is a corporation duly incorporation in the state of Alabama and within the Middle District of Alabama of the United States District Court.

## ALLEGATIONS

5.

The Plaintiff incorporates by reference her previous complaint and paragraphs 1 through 4 of this compliant as if fully set forth herein.

6.

On or about 1997, Plaintiff was hired as a part-time employee and was promoted in 2001 to Local Sort, Part-time supervisor after passing the required management placement test by United Parcel Service, the Defendant.

8.

Plaintiff's immediate supervisor during times relevant to the present claims while employed at Defendant United Parcel Service was Defendant's agent Robert Icenogle.

9.

While employed as a supervisor for approximately six (6) years, Plaintiff received very good performance reviews and had primary responsibility for a number of employees under her supervision. During execution of said duties, Plaintiff was subjected unlawful discrimination in violation of the Title VII.

3

10.

Plaintiff made numerous requests for promotions to her immediate supervisor, Robert Icenogle.

11.

The Plaintiff in her position for the Defendant United Parcel Service was responsible for many different functions. Plaintiff performed these functions satisfactorily while employed by the Defendant and trained many Caucasian and male co-workers who have gone on to be promoted over her.

12.

The Plaintiff made her immediate supervisor of her desire to be considered for promotion and was told at each inquiry that the position sought would mean a reduction in pay for her. On or about February 2005, an OMS position became available. The Plaintiff indicated her interest in the position to her supervisor, Robert Icenogle, who tried to dissuade her from seeking the position by telling her it would mean lower compensation which was not true. The Plaintiff continued to show interest in the position and was looked over when a less qualified Caucasian female who was working as a temporary employee was given the position without being required to pass the management placement test.

13.

On or about November 2005 Plaintiff applied for an OMS position. The

4

position was given to a less qualified Caucasian female trained by the Plaintiff and who reported to the Plaintiff. The Plaintiff was also required to fill in for the Caucasian female who received the position in her absence indicating her ability to the job. The Plaintiff has received lower pay raises than Caucasian and male co-worker who have been hired after her.

14.

The Plaintiff has been given lower pay raises than her Caucasian male counterpart, Ryan Brown, who was hired after the Plaintiff and promoted to a position equal to that of the Plaintiff. The Plaintiff has consistently had better job performance while working in the same department yet her pay raises were significantly lower.

15.

The Plaintiff complained internally to another supervisor as well as to Human Resources regarding her discriminatory treatment based upon her race and sex. Nothing was done to address her concerns. After making said complaints the Plaintiff was denied training opportunities, was subjected to discipline when other Caucasian employees were not, and continued to be passed over for promotion opportunities. Therefore, on or about November 3, 2005 the Plaintiff filed EEOC for violation of the Title VII based upon her race, sex, and retaliation.

16.

All conditions precedent to the institution of this lawsuit has been fulfilled and this action is properly before this Court.

## FIRST CAUSE OF ACTION:
## VIOLATION OF TITLE VII-DISPARATE TREATMENT FAILURE
## TO PROMOTE and Racial Discrimination

19.

Plaintiff incorporates by reference paragraphs 1-18 of the Amended Compliant as if fully set forth herein.

20.

Plaintiff was employed by United Parcel Service.

21.

Defendant United Parcel Service's had the ability to hire, fire, discipline, demote, and/or lay off the Plaintiff.

22.

Defendant Robert Icenogle on behalf of United Parcel Service discriminated against the Plaintiff due to her race and sex.

23.

Plaintiff has a claim for disparate treatment and racial discrimination

6

because (1) she is a member of a protected class; (2) her job performance and qualifications were sufficient to meet employer's expectations for positions applied for; (3) she was not promoted despite her qualifications; and (4) upon information and belief the employer hired someone not of her protected class for the position.

24.

United Parcel Service's is liable for the actions of the Defendants.

25.

The Plaintiff suffered damages as a result of this discrimination.

26.

As a direct and proximate result of United Parcel Service's abovementioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished future employment opportunities, and emotional distress consisting of outrage, shock, and humiliation.

## SECOND CAUSE OF ACTION: UNLAWFUL RETALIATION

27.

Plaintiff incorporates by reference paragraphs 1-26 of the Amended Compliant as if fully set forth herein.

28.

Plaintiff complained about the racial discrimination and hostile work

environment that she was subjected to while employed at United Parcel Service and as a result of such complaints, Plaintiff suffered and adverse employment action and was retalitorially issued disciplinary actions and denied training opportunities.

29.

Plaintiff suffered damages as a result of United Parcel Service retaliatory conduct.

30.

As a direct and proximate cause of United Parcel Service abovementioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished future employment opportunities, and emotional distress consisting of outrage, shock, and humiliation in an amount to be determined at trial.

### THIRD CAUSE OF ACTION:

### VIOLATION OF THE EQUAL PAY ACT

31.

Plaintiff incorporates by reference paragraphs 1-30 of the Amended Compliant as if fully set forth herein.

32.

The has claim of violation of the Equal Pay Act because she received less pay than individuals of the opposite sex for equal work requiring equal skill, effort, and responsibility, under similar working conditions within the same

8

establishment.

33.

Plaintiff suffered damages as a result of Computer Science's discriminatory conduct regarding equal pay for equal work.

34.

As a direct and proximate result of United Parcel Service's abovementioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished future employment opportunities, and emotional distress consisting of outrage, shock, and humiliation.

**WHEREFORE,** Plaintiff demands a **TRIAL BY JURY** and demands the following relief:

1. The Court adjudge the Defendant United Parcel Service to have engaged in unlawful employment practices under *inter alia,* Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act;

2. the Court enjoin the Defendant United Parcel Service from engaging in unlawful employment practices under, *inter alia* Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act;

3. an award of compensatory damages against Defendants joint and

9

severally, in an amount to be determined by the enlighten conscious of a jury, including, but not limited to, back pay, loss of benefits, emotional distress, pain and suffering, mental anguish, loss of enjoyment of life ;

4. an award of punitive damages in an amount to be proven at trial and sufficient to deter the malicious, willful, wanton and reckless conduct by the Defendants herein ;

5. Recovery of the necessary expenses of litigation including reasonable attorneys' fees under 42 U.S.C. 1988 ; and ;

6. Such other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of March, 2007.

*/s/ Crystal M. James*

CRYSTAL M. JAMES, ESQ.
Attorney for the Plaintiff
State Bar #515292

CRYSTAL JAMES & ASSOCIATES, LLC
8451 S. Cherokee Blvd.
Suite F
Douglasville, GA 30134
770-489-9898
770-489-5602 (FAX)

EMAIL: JAMESLLC@BELLSOUTH.NET

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTIRCT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY D. LAMPKIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE )<br>)<br>)<br>Defendant, ) | CIVIL ACTION FILE<br><br>NO: CV 1:06cv538-WKW |

**CERTIFICATE OF SERVICE**

This is to certify that I have this 8th day of March served the Defendant United Parcel Service with a copy of this Amended Compliant by affixing appropriate postage and mailing to the following address:

William J. Baxley
Donald R. James, Jr.
BAXLEY, DILLARD, DAUPHIN, MCKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, AL 35233

*(Signature on Following Page)*

11

Submitted this 8th Day of March 2007.

*[signature]*

CRYSTAL JAMES, Esq.
Attorney for Plaintiff
Alabama Bar # 515292
8451 S. Cherokee Blvd. Suite F
Douglasville, Alabama 30339
770-489-9898