IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY DEBOSE LAMPKIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:06-CV-538-WKW |
| ) | |
| UNITED PARCEL SERVICE ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ANSWER AND DEFENSES TO AMENDED COMPLAINT

Defendant United Parcel Service ("UPS" or "Defendant"), an improperly named party which appears specially, hereby answers and asserts affirmative defenses to Plaintiff's Amended Complaint, filed March 16, 2007, as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against UPS upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, Plaintiff's claims are barred because of insufficiency of process.

### THIRD DEFENSE

Upon information and belief, Plaintiff's claims are barred because of insufficiency of service of process.

### FOURTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to properly exhaust administrative remedies.

## SIXTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrines of estoppel, waiver, laches, and unclean hands.

## SEVENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because the employment decisions at issue were based upon legitimate, non-discriminatory factors.

## EIGHTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate her claims of damages, the existence of such damages being hereby denied.

## NINTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because UPS at all times acted in good faith and in a lawful manner towards Plaintiff.

## TENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to plead or allege conditions and facts precedent to her claims.

## ELEVENTH DEFENSE

Plaintiff is not entitled to punitive damages because UPS made good faith efforts to comply with all applicable anti-discrimination and other applicable laws.

- 3 -

## THELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if some impermissible motive were a factor in any employment action with respect to Plaintiff, a claim that UPS expressly denies, the same decisions would have been reached for legitimate business reasons.

## THIRTEENTH DEFENSE

Plaintiff fails to establish a prima facie case of race or gender discrimination.

## FOURTEENTH DEFENSE

Plaintiff fails to establish a prima facie case under the "Equal Pay Act."

## FIFTEENTH DEFENSE

UPS responds to the enumerated paragraphs in Plaintiff's Amended Complaint as follows:

1.

UPS does not construe Paragraph 1 of the Amended Complaint as requiring an answer, but denies that Plaintiff is entitled to recover on any of the claims that she seeks to assert in her Amended Complaint. The allegations contained in Paragraph 1 also contain legal conclusions to which no response is required. UPS denies that it committed any unlawful practices as alleged by Plaintiff.

2.

The allegations contained in Paragraph 2 of the Amended Complaint contain legal conclusions to which no response is required. To the extent Paragraph 2 contains factual allegations, such allegations are denied.

3.

UPS admits that Plaintiff is an African-American female and is employed by UPS. UPS

is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 of the Amended Complaint, and such allegations therefore stand denied.

4.

UPS states that the allegations contained in Paragraph 4 of the Amended Complaint contain legal conclusions to which no response is required. UPS denies that it is incorporated in Alabama. UPS admits only that it is registered with the Alabama Secretary of State and is licensed to do business in the state of Alabama.

5.

UPS incorporates by reference its responses to Paragraphs 1-4 of the Amended Complaint as if fully set forth herein.

6.

UPS admits the allegations contained in Paragraph 6 of the Amended Complaint.

8.[1]

UPS admits only that Robert Icenogle was Plaintiff's manager during part of the time Plaintiff has been employed by UPS. UPS either denies the remaining allegations in Paragraph 8 or states that the allegations contain legal conclusions to which no answer is required.

9.

UPS admits only that Plaintiff has been employed as a part-time supervisor for UPS since 2001, and has had supervisory responsibilities for other UPS employees during that time. UPS denies the remaining allegations contained in Paragraph 9.

---

[1] Plaintiff apparently inadvertently misnumbered the paragraphs of her Amended Complaint, and, therefore, the Amended Complaint does not contain a Paragraph 7. In order to keep the paragraphs of UPS's Answer consistent with the paragraphs of the Amended Amended Complaint, UPS also does not include a Paragraph 7.

- 5 -

10.

UPS denies the allegations contained in Paragraph 10 of the Amended Complaint.

11.

UPS admits that in her position as a part-time supervisor, Plaintiff had various job responsibilities. UPS denies the remaining allegations of Paragraph 11 as stated.

12.

UPS admits only that an OMS position became available in or around February of 2005, and that such position was filled by a Caucasian female employee. UPS denies the remaining allegations contained in Paragraph 12 as stated.

13.

UPS admits only that an OMS position became available in or around November of 2005, and that such position was filled by a Caucasian female employee. Defendant denies the remaining allegations contained in Paragraph 13 as stated.

14.

UPS denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.

UPS admits only that Plaintiff filed a Charge of Discrimination with the EEOC in November of 2005, alleging violations of Title VII. UPS states that the Charge of Discrimination speaks for itself and denies any allegations contained in Paragraph 15 that are inconsistent with the Charge of Discrimination. UPS denies the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16.

Defendant states that the allegations contained in Paragraph 16 of the Amended

LEGAL02/30312230v1

Complaint contain legal conclusions to which no response is required. To the extent Paragraph 16 contains factual allegations, such allegations are denied.

19.[2]

UPS incorporates by reference its responses to Paragraphs 1-18 of the Amended Complaint as if fully set forth herein.

20.

UPS admits that Plaintiff is employed by UPS.

21.

UPS admits that UPS had/has the ability to affect the terms and conditions of Plaintiff's employment.

22.

UPS denies the allegations contained in Paragraph 22 of the Amended Complaint.

23.

UPS denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.

UPS denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.

UPS denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.

UPS denies the allegations contained in Paragraph 26 of the Amended Complaint.

---

[2] Plaintiff apparently inadvertently misnumbered the paragraphs of her Amended Complaint, and, therefore, the Amended Complaint does not contain Paragraphs 17 or 18. In order to keep the paragraphs of UPS's Answer consistent with the paragraphs of the Amended Complaint, UPS also does not include a Paragraph 17 or 18.

27.

UPS incorporates by reference its responses to Paragraphs 1-26 of the Amended Complaint as if fully set forth herein.

28.

UPS denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.

UPS denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.

UPS denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.

UPS incorporates by reference its responses to Paragraphs 1-30 of the Amended Complaint as if fully set forth herein.

32.

UPS denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.

UPS denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.

UPS denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.

UPS denies that the Plaintiff is entitled to any judgment or remedy against UPS, including but not limited to all of the remedies sought in the final, unenumerated paragraph of the Amended Complaint.

36.

Except as otherwise expressly admitted herein, UPS denies each and every allegation contained in the Amended Complaint.

WHEREFORE, UPS prays that Plaintiff's Amended Complaint be dismissed, with prejudice, and that all costs, including UPS's attorneys' fees, be cast against Plaintiff.

Respectfully submitted this 5th day of April, 2007.

>
> s/Mark T. DeLoach
> Lisa H. Cassilly
> Georgia Bar No. 116030
> Mark T. DeLoach
> Georgia Bar No. 141880
> ALSTON & BIRD LLP
> 1201 West Peachtree Street
> Atlanta, Georgia 30309-3424
> (404) 881-7000
>
> William J. Baxley (BAX 001)
> Donald R. James, Jr. (JAM016)
> BAXLEY, DILLARD, DAUPHIN,
> McKNIGHT & BARCLIFT
> 2008 Third Avenue South
> Birmingham, Alabama 35233
>
> Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY DEBOSE LAMPKIN, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION NO.<br>1:06-CV-538-WKW |

**CERTIFICATE OF SERVICE**

    I certify that I have filed the foregoing ANSWER AND DEFENSES TO AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will send electronic notification to:

    Crystal M. James
    Crystal James & Associates, LLC
    8451 S. Cherokee Blvd., Suite F
    Douglasville, GA 30134
    jamesllc@bellsouth.net

This 5th day of April, 2007.


                                      s/Mark T. DeLoach
                                      Mark T. DeLoach