IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACY DEBOSE LAMPKIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:06-CV-538-WKW |
| | ) | |
| UNITED PARCEL SERVICE | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**INITIAL DISCLOSURES**

1. **State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of legal issues in the case.**

This action is for discrimination based upon race, sex and retaliation arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (hereinafter "Title VII") and violation of the Equal Pay Act Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages and attorney's fees and costs. The claims herein present a federal question thus jurisdiction is proper before this Court pursuant to 28 U.S.C. §1331 and U.S.C. 1343. Plaintiff further invokes pedant jurisdiction of this Court to hear and decide claims arising under the laws of the State of Alabama.

On or about 1997, Plaintiff was hired as a part-time employee and was promoted in 2001 to Local Sort, Part-time supervisor after passing the required management placement test by United Parcel Service, the Defendant. While employed as a supervisor for approximately six (6) years, Plaintiff received very good performance reviews and had primary responsibility for a number of employees under her supervision. During execution of said duties, Plaintiff was subjected unlawful discrimination in violation of the Title VII.

Plaintiff made numerous requests for promotions to her immediate supervisor, Robert Icenogle. The Plaintiff in her position for the Defendant United Parcel Service was responsible for many different functions. Plaintiff performed these functions satisfactorily while employed by the Defendant and trained many Caucasian and male co-workers who have gone on to be promoted over her. The Plaintiff made her immediate supervisor of her desire to be considered for promotion and was told at each inquiry that the position sought would mean a reduction in pay for her. On or about February 2005, an OMS position became available. The Plaintiff indicated her interest in the position to her supervisor, Robert Icenogle, who tried to dissuade her from seeking the position by telling her it would mean lower compensation which was not true. The Plaintiff continued to show interest

in the position and was looked over when a less qualified Caucasian female who was working as a temporary employee was given the position without being required to pass the management placement test.

On or about November 2005 Plaintiff applied for an OMS position. The position was given to a less qualified Caucasian female trained by the Plaintiff and who reported to the Plaintiff. The Plaintiff was also required to fill in for the Caucasian female who received the position in her absence indicating her ability to the job. The Plaintiff has received lower pay raises than Caucasian and male co-worker who have been hired after her. The Plaintiff has been given lower pay raises than her Caucasian male counterpart, Ryan Brown, who was hired after the Plaintiff and promoted to a position equal to that of the Plaintiff. The Plaintiff has consistently had better job performance while working in the same department yet her pay raises were significantly lower.

The Plaintiff complained internally to another supervisor as well as to Human Resources regarding her discriminatory treatment based upon her race and sex. Nothing was done to address her concerns. After making said complaints the Plaintiff was denied training opportunities, was subjected to discipline when other Caucasian employees were not, and continued to be passed over for promotion opportunities. Therefore, on or about November

3, 2005 the Plaintiff filed EEOC for violation of the Title VII based upon her race, sex, and retaliation.

**The Legal Issues in this case are as follows:**

1. Whether Plaintiff was subjected to retaliation in the workplace based upon direct evidence;

2. Whether Plaintiff was subjected to retaliation in workplace based upon circumstantial evidence;

3. Whether Plaintiff was subjected to discrimination due to her race in the workplace based upon direct evidence;

4. Whether Plaintiff was subjected to discrimination due to her race in workplace based upon circumstantial evidence;

5. Whether Plaintiff was subjected to discrimination due to her gender in the workplace based upon direct evidence;

6. Whether Plaintiff was subjected to discrimination due to her gender in the workplace based upon circumstantial evidence;

7. Whether Plaintiff was subjected to disparate treatment resulting in termination;

8. What, if any, costs and/or attorney's fees Plaintiff is entitled to recover.

2. **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages and illustrative case law which Plaintiffs contend are applicable to this action.**

   **Plaintiff's response:**
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq, McDonnell Douglas Corp. V. Green, 411 U.S. 248, 101 S.Ct. 1089 (1981), 42 U.S.C. § 1981: Ferrill v. The Parker Group, Inc., 168 F.3d 801, 805 (11th Cir. 1993), Kolstad v. American Dental Assoc., 527 U.S. 526, 119 S. Ct. 2118 (1999) and the familiar body of case law interpreting claims of discrimination, retaliation, compensatory and punitive damages under Title VII, and the Federal Rules of Evidence and Civil Procedure

3. **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A)**

   **Plaintiff's Responses:**
   See Witness List annexed as "Attachment A"

4. **Provide the name of any person who may be used at trial to present evidence under rule 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R.Civ.P.26 (a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

   **Plaintiff's response:**
   None at this time

5. **Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your**

    claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and description to Initial Disclosures as Attachment C.)

    **Plaintiff's response:**
    See document list and descriptions annexed as "Attachment C"

6. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of , or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P 34  (Attach any copies and descriptions to Initial Disclosures as Attachment D)**

    **Plaintiff's responses:**
    Plaintiff's Response:  See annexed as "Attachment D"

7. **Attach for inspection and copying as under Fed.R.Civ.P 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to identify or reimburse for payments made to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)**

    **Plaintiff's response:**
    None

8. **Disclose the full name, address, ands telephone for all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

    **Plaintiff's Response**
    None

Respectfully submitted this 6th day of July, 2007.

_____
Crystal M. James, Esq.
Georgia Bar Number 515292
Attorney for the Plaintiff
Crystal James & Associates
8451 S. Cherokee Blvd
Suite F
Douglasville, Georgia 30134

ATTACHMENT A
Witness list

1. Tammy Nelson
2. Jamey Stephen
3. Sylvester Whiters
334-794-7892
4. Jason Jones
334-726-7413
5. Cynthia DeBose
334-792-6539
6. Henry Hall
334-803-3692

ATTACHMENT C
Documents to support claims in Plaintiff's possession

1. Application for Employment
2. Resumes
3. Employee History Profile
4. Promotion letter of interest
5. Annual Salary increase form
6. Grievance Report
7. UPS Policy Handbook
8. Affidavit of Sylvester Williams
9. Performance Evaluations
10. Job Description
11. Salary Increase Information
12. Promotion opportunities during Plaintiff's employment
13. Annulalized Impact of Salary Increase
14. Notice of Right to Sue

ATTACHMENT D
Damages

Damages

| | |
|---|---|
| Compensatory Damages: | $200,000* |
| Back Pay | |
| Loss of benefits | |
| Mental Anguish | |
| Loss of Enjoyment of Life | |
| | |
| Punitive Damages | $100,000 |

*this number is approximated on damages as of the filing date but continue to accrue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY DEBOSE LAMPKIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:06-CV-538-WKW |
| ) | |
| UNITED PARCEL SERVICE ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### CERTIFICATE OF SERVICE

This is to certify that I have this 7th day of July electronically filed served the Plaintiff's Initial Disclosures with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Lisa H. Cassilly

Alston & Brid LLP


William J. Baxley

Donald James, Jr.

Baxley, Dillard, Dauphin, McKight & Barclift


Submitted this 7th Day of July 2007.

                                                                         _____
                                                                         CRYSTAL JAMES, Es.
                                                                         Attorney for Plaintiff
                                                                         Georgia Bar # 515292