IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY DEBOSE LAMPKIN,       ) | |
| ) | |
| Plaintiff      ) | |
| ) | CIVIL ACTION NO. |
| v.                            ) | 1:06-CV-538-WKW |
| ) | |
| UNITED PARCEL SERVICE, INC,  ) | |
| ) | |
| Defendant.     ) | |
| _____) | |

# DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND DOCUMENT PRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(a)(1)(2)(B), Defendant United Parcel Service, Inc. ("UPS") respectfully moves the Court to compel Plaintiff to provide responses to UPS's First Interrogatories to Plaintiff and UPS's First Request for Production of Documents and Tangible Things to Plaintiff. Despite numerous efforts by UPS's counsel to obtain Plaintiff's responses without Court intervention, Plaintiff has failed to comply with her discovery obligations. UPS files this Motion as a last resort given that its efforts to informally resolve this discovery issue have been unsuccessful.

On June 13, 2007, UPS served its interrogatories and document requests on Plaintiff.[1] Plaintiff's responses to these discovery requests were due to be served no later than July 16, 2007. See Fed. R. Civ. P. 6(e), 33(b), 34(b). Plaintiff did not serve any responses by the deadline. On July 19, 2007, UPS's counsel wrote to Plaintiff's counsel requesting Plaintiff's responses.[2] UPS's counsel also requested that Plaintiff provide the fourteen categories of

---

[1] Copies of these requests are attached as Exhibits 1 and 2, respectively.

[2] Copies of all the correspondence from UPS's counsel to Plaintiff's counsel referenced in this Motion are attached as Collective Exhibit 3.

documents listed in Attachment C to Plaintiff's Initial Disclosures, which Plaintiff served on July 10, 2007. In response, Plaintiff's counsel requested an extension of time to serve Plaintiff's discovery responses. UPS's counsel sent Plaintiff's counsel a letter on July 30, 2007 agreeing to a new deadline of August 10, 2007 for Plaintiff to serve her discovery responses and produce responsive documents. (Collective Ex. 3.)

UPS could not continue to delay the scheduling of Plaintiff's deposition and, in reliance on Plaintiff's representation that she would respond to the outstanding discovery requests by August 10, 2007, UPS's counsel scheduled her deposition for August 30, 2007. Once again, however, Plaintiff ignored her obligations and did not provide any response to the discovery requests on or before the extended deadline of August 10. As the date for her deposition approached, UPS's counsel sent Plaintiff's counsel a third letter dated August 27, 2007 via facsimile, noting once more Plaintiff's failure to comply with her discovery obligations. (Collective Ex. 3.) UPS's counsel also stated in that letter that it would proceed with Plaintiff's deposition on August 30, but that Plaintiff's continued refusal to provide discovery responses or documents would likely make it impossible to complete the deposition on that date.

The afternoon before Plaintiff's deposition, Plaintiff's counsel faxed to UPS's counsel fourteen pages of documents that represented six of the fourteen categories of documents listed on Attachment C to Plaintiff's Initial Disclosures.[3] Plaintiff has not produced any other documents to UPS in this litigation other than those fourteen pages.

At her deposition on August 30, Plaintiff testified that she had notes, letters, and other documents in her possession, but that she had not given those documents to her counsel. (Pl.'s

---

[3] A copy of Attachment C to Plaintiff's Initial Disclosures, with Plaintiff's counsel's indication of documents produced on August 29, 2007, is attached as Exhibit 4.

Dep. at 19, 107-08, 122-23.)[4] It is clear from Plaintiff's testimony that these documents are relevant to Plaintiff's claims asserted in this suit and are responsive to UPS's written document requests. Yet Plaintiff has not produced these documents to UPS despite UPS's written discovery requests and repeated requests that Plaintiff produce all responsive documents in her possession. On October 12, 2007, UPS's counsel sent Plaintiff's counsel a final letter seeking these documents and Plaintiff's written discovery responses. (Collective Ex. 3.)

UPS's counsel understands that Plaintiff's counsel has sought to obtain from Plaintiff the information and documents needed to respond to UPS's interrogatories and document requests, but that Plaintiff has not cooperated. As demonstrated by the correspondence attached as Collective Exhibit 3, UPS's counsel has given Plaintiff every opportunity to cooperate, including extending the deadline for Plaintiff's discovery responses. Plaintiff's continued failure to cooperate severely hampers UPS's efforts to defend itself against Plaintiff's claims and leaves UPS no choice but to seek the Court's intervention under Federal Rule of Civil Procedure 37.

Rule 37(d) provides that "[i]f a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33 . . . or to serve a written response to a request for inspection submitted under Rule 34 . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just." Because Plaintiff has failed to provide answers or objections to UPS's interrogatories and document requests in this action and counsel's efforts to secure her compliance have been unsuccessful, the Court should compel her compliance.

For all of these reasons, UPS respectfully requests that the Court grant the instant Motion and direct Plaintiff to provide responses to UPS's written discovery requests and to produce responsive documents. UPS further requests, pursuant to Federal Rule of Civil Procedure 37(d),

---

[4] Copies of the portions of Plaintiff's deposition transcript referenced in this Motion are attached as Exhibit 5.

that the Court award it its reasonable attorney fees and expenses associated with its efforts to obtain Plaintiff's discovery responses and documents.

### Certification of Counsel

The undersigned counsel certifies that he has conferred in good-faith with Plaintiff's counsel in an attempt to resolve this discovery matter without the Court's intervention, as demonstrated by the correspondence attached as Collective Exhibit 3.

Respectfully submitted this 25th day of October, 2007.

s/ Jeremy D. Tucker
Lisa H. Cassilly
Georgia Bar No. 116030
Jeremy D. Tucker
Georgia Bar No. 142484
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel. No. (404) 881-7000
Fax No. (404) 881-7777

William J. Baxley (BAX 001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN
& McKNIGHT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.:  (205) 271-1108

**Attorneys for Defendant**

- 5 -

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY DEBOSE LAMPKIN,            ) | |
|                 Plaintiff    ) | |
| v.                               ) | CIVIL ACTION NO.<br>1:06-CV-538-WKW |
| UNITED PARCEL SERVICE, INC.,     ) | |
|                 Defendant.   ) | |

**CERTIFICATE OF SERVICE**

I certify that I have filed this date the foregoing DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND DOCUMENT PRODUCTION with the Clerk of Court using the CM/ECF system, which will send electronic notification to:

    Crystal M. James
    Crystal James & Associates, LLC
    8451 S. Cherokee Blvd., Suite F
    Douglasville, GA 30134
    jamesllc@bellsouth.net

This 25th day of October, 2007.

                                                s/ Jeremy D. Tucker
                                                Jeremy D. Tucker

LEGAL02/30571547v1