IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACY D. LAMPKIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:06-CV-538-WKW |
| | ) | |
| UNITED PARCEL SERVICE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

Defendant, United Parcel Service ("UPS"), hereby requests that Plaintiff Tracy D. Lampkin answer, under oath, the following interrogatories pursuant to Fed. R. Civ. P. 26 and 33, and supplement such answers as required by Fed. R. Civ. P. 26(e).

## DEFINITIONS AND INSTRUCTIONS

A.     The term "document" is used in its broadest sense to mean every information-containing thing, including copies and duplications, and further including, without limitation, correspondence, memoranda, papers, records, computer printouts, magnetic tapes, disks or other computer-stored information, teletype, telefax, audio tapes, videotapes, transcripts of audio tapes or videotapes, film, photographs, graphic or aural recordings or representations of any kind, checks, bank statements, orders, contracts, agreements, notes of telephone or other conversations, diaries, journals, and any other information-containing paper, writing or thing.

B.     The term "Plaintiff" means the named Plaintiff, Tracy D. Lampkin, and all her agents, representatives and attorneys.

C.     The term "Defendant" means the named Defendant, UPS.

C.    The term "identify" or "describe" or "state the identity of" means:

(1)    as to a person, to state the full name, and nickname or alias where applicable, present business and home addresses, present business and home telephone numbers and present or last known position in business;

(2)    as to a firm, partnership, corporation, or any other form of business entity, to state the full name, address and telephone number;

(3)    as to a document, to describe the type of document (e.g., letter, statement, memorandum, telegram, notes of telephone conversation, etc.), its date, the identity of the sender(s) and recipient(s) and its present location and custodian. In lieu thereof, a copy of the document may be produced. As to a document, which was, but is no longer in Plaintiff's possession or subject to her control, state what disposition was made of it and the particulars of its present location;

(4)    as to any communication, to state the type of communication (e.g., oral, written, computer, etc.), the date and substance of such communication, the identity of the participants and any documents evidencing or supporting such communication.

D.    If any document, communication or thing is withheld under any claim of privilege or work product, state the precise nature of the objection to production and provide a list of such documents, communications or things including the following: the identity of the author(s) or participant(s); the identity of each recipient of the document or information and the identity of the individual(s) to whom copies have been furnished or the information communicated; the date the document was created or the information disseminated; a description of the subject matter of the document or information; and the

specific interrogatory or document request to which each document or information is responsive.

## INTERROGATORIES

1.

Identify each and every person with whom Plaintiff has communicated concerning the allegations and claims contained in her charge of discrimination against UPS that she filed with the Equal Employment Opportunity Commission ("EEOC Charge") and/or the allegations and claims raised in her Amended Complaint. For each such person identified, state the type of communication (e.g. oral, written, computer, etc.); state the date of the communication; describe in detail the substance of the communication; state the identity of all participants in and witnesses to the communication; and identify any documents evidencing or supporting such communication. The answer to this interrogatory should include, but not be limited to, individuals identified in Plaintiff's EEOC Charge, Amended Complaint, Initial Discovery Disclosures, and in any supporting documentation.

2.

Identify each and every person from whom Plaintiff has procured or attempted to procure a sworn or unsworn declaration, affidavit, deposition, narrative, presentation, assertion, expression, audio tape, videotape, or any other statement which relates in any way to Plaintiff's employment with Defendant UPS or to any of the allegations and claims contained in her EEOC Charge or the Amended Complaint. The answer to this interrogatory should include, but not be limited to, individuals identified in the EEOC

- 3 -

Charge, the Amended Complaint, Initial Discovery Disclosures, and in any supporting documentation.

3.

Identify each and every person Plaintiff believes has knowledge of any facts supporting any of the allegations and claims contained in her EEOC Charge and the Amended Complaint. For each such person identified, state the facts believed to be known by that person. The answer to this interrogatory should include, but not be limited to, individuals identified in the EEOC Charge, the Amended Complaint, Initial Discovery Disclosures, and any supporting documentation.

4.

With the exception of the present lawsuit, identify each and every lawsuit and local, state, or federal government agency charge, complaint, claim, or action, including claims for unemployment insurance and any appeals in which Plaintiff has participated as a party, witness or in any other capacity since January 1, 1998. For each such lawsuit, charge, complaint, claim, or other action listed, identify all parties thereto; state the date on which the action was initiated; describe Plaintiff's role in the action; identify the court or agency where the action was filed; state the case, charge, claim or action number; describe the nature of the action (e.g., discrimination charge, workers' compensation claim, bankruptcy filing, unemployment claim, contract dispute, tort lawsuit, etc.); and describe in detail how the complaint, lawsuit, charge, claim or action was resolved, including the amount of any settlement, verdict, or other award.

5.

Identify each and every instance in which Plaintiff has been indicted, charged, convicted, arrested or plead nolo contendere for any crime, including both misdemeanors and felonies, and state the date of the indictment, charge, conviction, arrest, or plea; describe the offense for which Plaintiff was indicted, charged, convicted, or arrested; state the jurisdiction in which Plaintiff was indicted, charged, convicted, or arrested; describe the disposition of the matter including whether Plaintiff was indicted, charged, arrested, convicted, or plead nolo contendere; state the dates over which Plaintiff was incarcerated for any indictment, charge, conviction, or arrest; and describe the conditions of any parole or probation resulting from the indictment, charge, conviction, arrest, or plea.

6.

With the exception of UPS, identify each and every person, firm, partnership, corporation or any other business entity with which Plaintiff has been employed, or from which she has derived any income (including self-employment) from the date of her 18th birthday to the present. For each such person or business entity identified, state the dates of employment; state Plaintiff's hourly wage or annual salary; state the total amount of compensation received by Plaintiff (including bonuses, commissions, etc.); state Plaintiff's job title; describe Plaintiff's job duties; and, where applicable, state the reason for Plaintiff's termination.

7.

List separately and specifically all items of actual damages that Plaintiff contends she is entitled to receive from UPS. For each item so identified, state which specific

- 5 -

count in the Amended Complaint Plaintiff contends entitles her to recover that item; state the amount of money she contends he is entitled to receive in this action for that item; and provide an explanation of how she determined or calculated that amount. For each item of damages identified, identify each and every document that supports Plaintiff's claim for such damages.

8.

Identify any and all UPS employees whom Plaintiff contends were similarly situated to Plaintiff, but were subjected to more favorable treatment by UPS. Identify any such employees by name, race, and job position, and describe the favorable treatment the employee allegedly received.

9.

Identify any and all UPS employees whom Plaintiff alleges retaliated against her. Identify any such employees by name, race, and job position, and describe the conduct which Plaintiff alleges constituted retaliation by each employee.

10.

Identify all documents that support Plaintiff's contention that she was discriminated against by UPS on the basis of her race.

11.

Identify all documents that supports Plaintiff's contention that she was discriminated against by UPS on the basis of her sex.

12.

Identify all documents that support Plaintiff's contention that she was retaliated against by UPS.

13.

Identify all documents that support Plaintiff's contention that UPS violated the Equal Pay Act.

14.

Identify all other documents that Plaintiff contends support or relate to any of the claims and allegations made in the EEOC Charge or the Amended Complaint.

15.

Identify each and every healthcare professional or entity, including without limitation, physicians, psychiatrists, psychologists, therapists, counselors, clinics and hospitals, with whom Plaintiff has consulted or from whom Plaintiff has received treatment since January 1, 2000.  For each healthcare professional or other person or entity so identified, state the name, address, and telephone number; list the dates of all consultations or communications with that person or entity since January 1, 2000; and describe in detail the subject matter of the communication, the diagnosis given, and the nature of any treatment received.

16.

Identify any names, other than "Tracy D. Lampkin" that Plaintiff has ever used or by which Plaintiff has ever been known, and the dates that Plaintiff used or was known by each name.

17.

Identify the name, address and dates of attendance by Plaintiff at any high school, technical school, other school, continuing education course, seminar, or any other similar

undertaking and, for each such school or course identified state the subject matter studied and describe any degree or certificate granted.

18.

Identify every communication, whether verbal, written, or otherwise, that Plaintiff contends constitutes a legally binding admission against interest on the part of UPS or a representative of UPS.

19.

Identify all persons whom Plaintiff has retained or whom Plaintiff expects to retain as an expert witness to provide evidence in this action. For each person so identified, provide the information specified in Fed.R.Civ.P. 26(a)(2).

Served this 13th day of June, 2007.

Lisa H. Cassilly
Georgia Bar No. 116030
Mark T. DeLoach
Georgia Bar No. 141880
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel. No. (404) 881-7000
Lisa.Cassilly@alston.com
Mark.DeLoach@alston.com

William J. Baxley (BAX 001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN
& McKNIGHT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.: (205) 271-1108

Attorneys for Defendants

- 8 -

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACY D. LAMPKIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:06-CV-538-WKW |
| | ) | |
| UNITED PARCEL SERVICE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF by United States Mail with adequate first class postage affixed thereon, addressed as follows:

> Crystal M. James
> 8451 S. Cherokee Blvd.
> Suite F
> Douglasville, GA 30134

This 13th day of June, 2007.

Mark T. DeLoach
Georgia Bar No. 141880
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

- 9 -