**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| TRACY D. LAMPKIN | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| | ) |
| v. | ) NO:1:06-CV-538WKW |
| | ) |
| UNITED PARCEL SERVICE | ) |
| | ) |
| | ) |
| Defendant, | ) |

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT UNITED PARCEL SERVICE, INC.'S
MOTION FOR SUMMARY JUDGMENT</u>**

NOW COMES, Plaintiff, Tracy Lampkin, (hereinafter "Plaintiff") by and through her undersigned counsel, who hereby files this Brief in Opposition to Defendant United Parcel Service, Inc.'s (UPS) Motion and Memorandum of Law in Support of its Summary Judgment Motion. In support hereof, Plaintiff states as follows:

**<u>INTRODUCTION</u>**

Plaintiff brings this action for race discrimination and disparate treatment, hostile work environment, and retaliation under Title VII of the Civil Rights Act of

1964 as amended, 42 U.S.C. §2000(e) et seq.  ("Title VII").

## STATEMENT OF FACTS

On or about 1997, Plaintiff was hired as a part-time employee and was promoted in 2001 to Local Sort, Part-time supervisor after passing the required management placement test by United Parcel Service, the Defendant.  (Plaintiff's Dep. p. 77, 102) Plaintiff's immediate supervisor during times relevant to the present claims while employed at Defendant United Parcel Service was Defendant's agent Robert Icenogle. (Plaintiff's Dep. p. 128, 132) While employed as a supervisor for approximately six (6) years, Plaintiff received performance scores and had primary responsibility for a number of employees under her supervision.  (Plaintiff's Dep. p. 292) During execution of said duties,

Plaintiff was subjected unlawful discrimination in violation of the Title VII. The Plaintiff in her position for the Defendant United Parcel Service was responsible for many different functions.   Plaintiff performed these functions satisfactorily while employed by the Defendant and trained many Caucasian and male co-workers who have gone on to be promoted over her. (Plaintiff's Dep. p.140)

The Plaintiff made her immediate supervisor of her desire to be considered for promotion and was told at each inquiry that the position sought would mean a

reduction in pay for her (Plaintiff's Dep. p.153), or that she needed a college degree (Plaintiff's Dep. p.120), or there was a freeze on moving supervisors. (Plaintiff's Dep. p.130-131).  On or about February 2005, an OMS position became available.  The Plaintiff indicated her interest in the position to her supervisor, Robert Icenogle, who tried to dissuade her from seeking the position by telling her it would mean lower compensation which was not true.  (Plaintiff's Dep. p. 153) The Plaintiff continued to show interest in the position and was looked over when a less qualified Caucasian female, Angie Blessman who was working as a temporary employee was given the position without being required to pass the management placement test. (Plaintiff's Dep. p. 173)

On or about November 2005 Plaintiff applied for an OMS position.  The position was given to a less qualified Caucasian female, Jennifer Westley trained by the Plaintiff and who reported to the Plaintiff.  (Plaintiff's Dep. p. 295) The Plaintiff was also required to fill in for the Caucasian female who received the position in her absence indicating her ability to the job.  The Plaintiff has received lower pay raises than Caucasian and male co-worker, Ryan Brown who have been hired after her.  (Plaintiff's Dep. p220) The Plaintiff has been given lower pay raises than her Caucasian male counterpart, Ryan Brown, who was hired after the Plaintiff and promoted to a position equal to that of the Plaintiff.  (Id) The Plaintiff

has consistently had better job performance while working in the same department yet her pay raises were significantly lower. (Plaintiff's Dep. p. 220)

The Plaintiff complained internally to another supervisor as well as to Human Resources regarding her discriminatory treatment based upon her race and sex to Henry Hall, Guy Redd, Tommy Davidson, Castellanos Williams. (Plaintiff's Dep. p. 256, 257, 260, 264, 266, 268) Nothing was done to address her concerns. After making said complaints the Plaintiff was denied promotion opportunities, was subjected to discipline when other Caucasian employees were not, and continued to be passed over for promotion opportunities. (Plaintiff's Dep. p. 220, 295, 173) Therefore, on or about November 3, 2005 the Plaintiff filed EEOC for violation of the Title VII based upon her race, sex, and retaliation. (Lampkin Deposition Defendant Exhibit # 2 attached hereto as Plaintiff's Ex. # 1)

**<u>STANDARD OF REVIEW</u>**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. Rule Civ.

Pro. 56(c).  Material facts are those facts that might affect the outcome of the lawsuit.  *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  *See* Adickes v. S.H. Keress & Co., 398 U.S. 144, 175 (1970).  A dispute of material facts is "genuine" if a reasonable jury could return a verdict for the nonmoving party.  *See* J.G.B. Enters., Inc. v. United States, 921 F. Supp. 91, 95 (N.D.N.Y. 1996).  On summary judgment, all reasonable inferences drawn from the evidence must be viewed in a light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586-88 (1986); HCA Health Services of Ga., Inc. v. Employers Health Ins. Co., 240  F.3d 982, 981 (11th Cir. 2001).

When the parties have requested a jury trial, as in this case, the Court may only enter summary judgment if it determines that there are no factual issues for a jury to decide at trial.  *See* Dumont v. Administrative Officer, 915 F. Supp. 671, 674 (S.D.N.Y. 1996).  When considering motions for summary judgment, the court does not make decisions as to the merits of disputed factual issues.  *See* Ryder Int'l Corp. v. First American Nat'l Bank, 943 F. 2d 1521, 1523 (11th Cir. 1991).  Rather, the court only determines whether there are genuine issues of material fact to be tried.  Id.  Thus, the standard for summary judgment mirrors that for a directed

verdict:  "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 259 (1986).

In the present case, Defendant United Parcel Service, Inc. has not met its initial burden of demonstrating that it is entitled to summary judgment, that there are no genuine issues of material fact in dispute, or that it is entitled to judgment as a matter of law.

<b><u>ARGUMENT AND CITATION TO AUTHORITY</u></b>

I.    **<u>Plaintiff has Established a Prima Facie Case of Racial Discrimination and therefore, Summary Judgment Should be Precluded with Respect to Plaintiff's Racial Discrimination Claims Under Title VII.</u>**

A prima facie case of race discrimination is established by showing that: (1) Plaintiff belongs to a racial minority; (2) she was subjected to an adverse employment action; (3) Plaintiff was treated less favorably than similarly situated employees who were not members of the minority class; and (4) that Plaintiff was otherwise qualified for the position. *See* <u>Holifield v. Reno</u>, 115 F.3d 1555, 1562 (11th Cir. 1997).

In the present case, Plaintiff has established the first element of her prima facie case in that she is a member of a protected class, Plaintiff's race is Black.

(Plaintiff's Dep. p147) Plaintiff has also established the second prong of her prima

facie case in that she was subjected to an adverse employment action when on or

about February 2005, an OMS position became available and she was told by her

immediate supervisor, Robert Icenogle that she would not get the position because

she did not have a degree.  (Plaintiff's Dep. p. 130) The Plaintiff has established the

third element of the test in that the comparable white employees, Ms. Nelson and

Ms. Blessman who were selected for the position were less qualified for the

position and had less seniority with the company.  (Plaintiff's Dep. p. 130, 138, )

Plaintiff has also established the fourth element of her prima facie case in that she

was qualified and able to perform the duties of the position.  (Plaintiff's Dep. p.

130, 138)

A.    **Plaintiff was Subjected to Racial Discrimination When She was denied**
**opportunities for promotion and career enhancing experiences.**

Defendant asserts that this incidence of discrimination is time barred

because she did not file her claim with the Equal Employment Opportunity

Commission (EEOC) until November 3, 2005.  This argument is flawed and must

fail because Plaintiff did file a timely internal complaint with the human resources

depart of the UPS in a timely manner.  Plaintiff filed her initial complaint with

supervisors , Henry Hall, Guy Redd, Tommy Davidson, and Human Resources of

UPS in 2004 and early in 2005 explicitly citing the issues of concern in her discrimination claim. (Plaintiff's Dep. p. 256, 257, 260, 264, 266, 268)  Plaintiff was merely trying to allow the systems in place with the organization to be exhausted before moving to the next level.  If Plaintiff had not filed this internal complaint she would have been criticized by Defendant for not trying to resolve the issue internally through the processes set out by the company in its employee policies and procedures manual.  Statutorily protected expression includes filing complaints with the EEOC and complaining to superiors about unlawful discrimination.  Johnson v. Booker T. Washington Broadcasting Service Inc., 234 F. 3d 501 (11th Cir. 2000)

The positions that Plaintiff sought are asserted to be demotions or at best lateral moves by the Defendant.  Defendant fails to rebut the assertion that  these positions applications for promotion to the next level more favorable for positions at the next level which would require her to have knowledge of all areas at the level she was currently working.  (Plaintiff's Dep. p. 154-155, 190, 288) These failures to promote were adverse employment actions in regard to the fact that prevented the Plaintiff from getting the experience necessary to move to the next level. (Plaintiff's Dep. p. 154-155, 190, 288)

Plaintiff asserts that she was qualified to complete the tasks required of the positions in that she had performed some of the duties in her current position. Plaintiff asserted interest in the OMS position, in July 2003. She was denied this promotional opportunity and not even considered for the job when she met all qualifications as listed. (Plaintiff's Dep. p. 130, 138)

Plaintiff asserted interest in the p.m. part-time shift supervisor, in early 2004. She was denied this promotional opportunity and not even considered for the job when she met all qualifications as listed. (Plaintiff's Dep. p. 142-143, 139-140)

Plaintiff asserted interest in the OMS position, in February 2005. She was denied this promotional opportunity and not even considered for the job when she met all qualifications as listed. (Plaintiff's Dep. p. 138) A Caucasian female, Angie Blessman, was given the position.

Defendant asserts that Plaintiff was not considered due to the fact she never submitted a letter of interest to Human Resources. However, Plaintiff asserts that the practice for expressing interest in the Dothan Center was to let your immediate supervisors know of your interest. (Plaintiff's Dep. p. 144-145)

II.    **Plaintiff has Established a Prima Facie Case of Gender Discrimination and therefore, Summary Judgment Should be Precluded with Respect to Plaintiff's Gender Discrimination Claims Under Title VII.**

Demonstrating a *prima facie* case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." Holifield v. Reno, 115 F. 3d 1555, 1562 (11th Cir. 1997).  Title VII Complainants can establish a *prima facie* case when they demonstrate:

(1)    Complainant is a member of a protected group;

(2)    The agency took an action with respect to Complainant;

(3)    The agency treated Complainant less favorably than similarly situated employees who did not belong to Complainant's protected group.

Rease v. Dalton, Secretary of the Navy, 03920174 at 5 (EEOC 1993), *citing* Moore v. City of Charlotte, N.C., 754 F.2d 1100, 1105-06 (4th Cir. 1985), *cert. denied*, 472 U.S. 1021 (1985).

In the present case, Plaintiff has established the first element of her prima facie case in that she is a member of a protected class, Plaintiff's race is woman. (Plaintiff's Dep. p. 147) Plaintiff has also established the second prong of her prima facie case in that she was subjected to an adverse employment action when on or about April 2004 Plaintiff asserted interest in the package car driver position.  She was denied this promotional opportunity and not even considered for the job when

she met all qualifications as listed. (Plaintiff's Dep. p. 142, 221). Also, Plaintiff

consistently received less percentage increase in her salary each year, than

comparable Caucasian male employee Brown. (Plaintiff's Dep. p. 220-221)The

Plaintiff has established the third element of the test in that the comparable male

employee, Mr. Jason Jones who was selected for the position and had less seniority

with the company. (Plaintiff's Dep. p. 142, 146-147, 211) Plaintiff has also

established the fourth element of her prima facie case in that she was qualified and

able to perform the duties of the position. (Plaintiff's Dep. p. 130, 138, 142, 221)

## II.    **Plaintiff has Established a Prima Facie Case of Retaliation Arising from Her failure to be promoted and Lower Percent Increase in Wage than Comparable Caucasian Male Employee.**

In order to establish a prima facie case of retaliation under Title VII, a

plaintiff must show the following: (1) plaintiff engaged in statutorily protected

expression; (2) plaintiff suffered an adverse employment action; and (3) the

adverse action was causally related to the protected expression <u>Gupta v. Florida

Board of Regents,</u> 212 F. 3d 571 (11th Cir. 2000).

A Plaintiff can establish a prima facie case of retaliation under the

opposition clause of Title VII if she shows that she had a good faith, reasonable

belief that the employer was engaged in unlawful employment practices. *See*

Rollins v. State of Fla. Dept. of Law Enforcement, (11th Cir. 1989).  It is critical to emphasize that a plaintiff's burden under this standard has both a subjective and an objective component.  A plaintiff must not only show that she *subjectively* (that is, in good faith) believed that her employer was engaged in unlawful employment practices, but also that her belief was *objectively* reasonable in light of the facts and record presented. It thus is not enough for a plaintiff to allege that her belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.

A plaintiff, therefore, need not prove the underlying discriminatory conduct that she opposed was actually unlawful in order to establish a prima facie case and overcome a motion for summary judgment; such a requirement "would not only chill the legitimate assertion of employee rights under Title VII but would tend to force employees to file formal charges rather than seek conciliation of informal adjustment of grievances." Little v. United Technologies, Carrier Transicold Division, 103 F.3d 956 (11th Cir. 1997).  Here, Plaintiff has shown that she in good faith believed that Defendant was engaged in unlawful employment practices and that her belief was *objectively* reasonable in light of the facts and record presented herein.  Thus, in the present case, Plaintiff has established all three elements of a prima facie case of retaliation.

1.    **Plaintiff Engaged in Statutorily Protected Expression**

**First**, Plaintiff engaged in statutorily protected activity on or about in 2004 and early 2005, the Plaintiff complained to her supervisors and Human Resources Henry Hall, Guy Redd, Tommy Davidson, Castellanos Williams.  (Plaintiff's Dep. p. 256, 257, 260, 264, 266, 268) of what she objectively and subjectively felt was discriminatory acts against her by her supervisor when she was not consider for position in which she had shown interest (Plaintiff's Dep. p. 256, 257, 260, 264, 266, 268)  On or about November 3, 2005 filed EEOC charge # 130-2006-00783 for violation of Title VII based upon race (black), sex (female) and retaliation. (Lampkin Deposition Defendant Exhibit # 2 attached hereto as Plaintiff's Ex. # 1)

Statutorily protected expression includes filing complaints with the EEOC and complaining to superiors about unlawful discrimination.  Johnson v. Booker T. Washington Broadcasting Service Inc., 234 F. 3d 501 (11th Cir. 2000).  Therefore, in the present case, Plaintiff has established the first element of her prima facie case of retaliation.

### 2.    <u>Plaintiff Has Suffered An Adverse Employment Action</u>.

In retaliation cases, the element of "adverse employment action" is more broadly defined, that is Title VII protection against retaliatory discrimination extends to adverse action which fall short of "ultimate" employment decisions, although the conduct in question must meet a threshold level of "substantiality" in order to be cognizable. <u>Gupta v. Florida Bd. of Regents</u>, 212 F. 3d 571 (11th Cir. 2000). Permitting employers to discriminate against an employee, who files a charge of discrimination so long as the retaliatory discrimination does not constitute an ultimate employment action, could stifle an employees' willingness to file charges of discrimination. <u>Wideman v. Wal-Mart Stores, Inc</u>., 141 F. 3d 1453, 1456 (11th Cir. 1998). For example, negative job evaluations, demotions, suspensions, disadvantageous transfers and toleration of harassment may be actionable as a retaliation claim. <u>Id.</u>

The court in <u>Davis v. Town of Lake Park,</u> stated that the 11th Circuit has never adopted a bright-line test for what kind of effect on the plaintiff's "terms, conditions, or privileges" of employment the alleged discrimination must have for it to be actionable. 245 F.3d 1232 (2001). The <u>Davis</u> court held that in order to prove a tangible adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a serious and material change in the

terms, conditions, or privileges of employment. Id. Whether an action is sufficient to constitute an adverse employment action for purposes of a retaliation claim must be determined on a case-by-case basis. Gupta, 212 F. 3d at 586.

In the case at bar, Plaintiff has established the second prong of her prima facie case of retaliation. Plaintiff suffered adverse employment actions in the form of: (1) Robert Icendogle's failure to promote or consider the Plaintiff for promotion to the position in which she expressed interest. (Plaintiff's Dep. p. 254-255) (2) Plaintiff was made to tolerate a hostile work environment created by Mr. Icendogle after learning of her reports of discrimination. (Plaintiff's Dep. p. 241-242, 246, 248, 251) (3) Plaintiff consistently received less percentage increase in her salary each year. (Plaintiff's Dep. p. 235-236, 241, 290)Therefore, in the present case, Plaintiff has established the second element of her prima facie case of discrimination.

### 3. **Plaintiff has Established that the Adverse Action was Causally related to the Protected Expression.**

A plaintiff can demonstrate the causal connection requisite for the prima facie case by showing that the protected activity and the adverse action are not

wholly unrelated.  Berman v. Orkin Exterminating Co., 160 F. 3d 697 (11th Cir.

1998).  This may be accomplished by either direct evidence of retaliatory motive,

or by inferences arising from adverse employment action that closely follows the

protected conduct.  Maniccia v. Brown, 171 F. 3d 1368 (11th Cir. 1999).

    In the present case, Plaintiff's protected expression preceded imposition of

the adverse employment actions.   Plaintiff's protected expression preceded

imposition of the adverse employment actions (1) Robert Icendogle's failure to

promote or consider the Plaintiff for promotion to the position in which she

expressed interest. (Plaintiff's Dep. p. 254-255)   (2) Plaintiff was made to tolerate

a hostile work environment created by Mr. Icendogle after learning of her reports

of discrimination. (Plaintiff's Dep. p. (Plaintiff's Dep. p. 235-236, 241, 290) (3)

Plaintiff consistently received less percentage increase in her salary each year.

(Plaintiff's Dep. p. 241-242, 246, 248, 251) There is also circumstantial evidence

of the causal link between these events established by the proximity in time

between the protected activity and the adverse employment actions and direct

evidence of the Plaintiff was being put under extreme pressure at work and

constantly being concerned about being looked over for opportunities for

advancement, the Plaintiff was required to write herself up for incidents that

occurred during the shift even when she was not directly responsible for the

incident when other managers were not. (Plaintiff's Dep. p. 235-236, 241, 290)

(Lampkin Deposition Defendant Exhibit # 6 attached hereto as Plaintiff's Ex. # 2)

The short period of time between Plaintiff's making of her discrimination claims

internally with Human Resources; and external EEOC complaints and the adverse

employment actions belies any assertion by the defendant that Plaintiff failed to

prove causation.  Donnellon v. Fruehauf Corp., 794 F. 2d 598, 601 (11th Cir. 1986).

Thus, in the present case, Plaintiff has established the third element by establishing

a causal link between the protected expression and the adverse action.

   4. **<u>Plaintiff Has Offered Sufficient Evidence to Rebut Defendant's
      reasons for Plaintiff's Disparate Treatment in that Defendant's
      proffered reason for the Retaliation Against Plaintiff was mere
      pretext.</u>**

      Any proffered legitimate business reasons for this disparate treatment is

merely pretext for unlawful discriminatory actions by the Defendant.   The

Defendant offers that the promotions sought by Plaintiff would not have been

considered promotions by UPS because there was no change in pay or would

require a reclassification from supervisor.  (Defendant's Affidavit Poulter p. 11)

However, was unable to satisfactorily respond to Plaintiff assertion that these

positions would be advantageous in that they would give her necessary experience

to be promoted to the next level.  (Plaintiff's Dep. p. 154-155, 190, 288)The

Plaintiff concern about what she perceived as discriminatory acts sought the

assistance of supervisors and human resources.  (Plaintiff's Dep. p. 256, 257, 260, 264, 266, 268) Defendant also offers that Plaintiff did not submit a letter of interest and that is the reason she was not considered for promotion, whereas the practice in the Dothan Center was to let immediate supervisors know of your interests in positions and selects were made on that basis.  (Plaintiff's Dep. p. 286, 287) Defendant further asserts that Plaintiff was not given percent increases based upon level on the pay scale for her position.  However, the annual rating forms indicate that percent raise increases are based upon the production and success of the employee. (Plaintiff's Dep. p. 182-186)The Defendant's proffered legitimate business is merely pretext for unlawful retaliation against the Plaintiff for filing complaints and insisting on being allowed the same privileges as other employees in the unit.  Plaintiff was approached and asked if she would drop her law suit if she was given the position of part-time supervisor on the preload by Mr. Poulter. (Poulter Affidavit p. 11)  Plaintiff was afraid to make a decision of that magnitude on the spot and chose to remain silent.  This offer was never extended in writing or forwarded to her attorney in effort to resolve the case. (Plaintiff's Dep. p. 298)

## **CONCLUSION**

Relying on the evidence set forth within this brief, Plaintiff's Response to

the Defendant's Statement of Undisputed Facts and Plaintiff's Statement of Disputed Facts, Plaintiff submits that there are genuine issues of material facts in dispute to be tried by a jury in this matter. Therefore, Plaintiff respectfully requests this Court Deny Defendant United Parcel Service, Inc.'s Motion for Summary Judgment in its entirety.

Respectfully submitted this 31st day of January 2008.

CRYSTAL JAMES & ASSOCIATES, LLC

/s/ Crystal M. James
Crystal M. James
Georgia Bar No.  515292

8451 S. Cherokee Boulevard, Ste. D
Douglasville, Georgia 30134
(770) 489-9898 (voice)
(770) 489-5602 (facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

SOUTHERN DIVISION

| | |
|---|---|
| TRACY D. LAMPKIN | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| | ) |
| v. | ) NO:1:06-CV-538WKW |
| | ) |
| UNITED PARCEL SERVICE | ) |
| | ) |
| | ) |
| Defendant, | ) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies Plaintiff's counsel served the following: *Plaintiff's Response In Opposition To Defendant United Parcel Service, Inc.'s Motion For Summary Judgment* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeremy D. Tucker & Lisa Tucker

Alston & Bird

William J. Baxley & Donald R. James, Jr.

Baxley, Dillard, Dauphin & McKnight

*{signature on following page}*

This 31st day of January, 2008.

CRYSTAL JAMES & ASSOCIATES, LLC

/s/ Crystal M. James
Crystal M. James
Georgia Bar No. 515292

8451 S. Cherokee Boulevard, Ste. D
Douglasville, Georgia 30134
(770) 489-9898 (voice)
(770) 489-5602 (facsimile)