IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY DEBOSE LAMPKIN,   ) | |
| ) | |
| Plaintiff   ) | |
| ) | CIVIL ACTION NO. |
| v.   ) | 1:06-CV-538-WKW |
| ) | |
| UNITED PARCEL SERVICE, INC,   ) | |
| ) | |
| Defendant.   ) | |
| _____ ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE IN OPPOSITIION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE REPLY BRIEF**

Defendant United Parcel Service, Inc. ("UPS") respectfully moves the Court to strike Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (the "Response") because the Response was filed several days after the deadline imposed by the Court. In the alternative, should the Court accept Plaintiff's unexcused late filing, UPS requests a brief extension of time – until February 15, 2008 – to file its reply brief in support of its pending Motion for Summary Judgment.

On January 10, 2008, the Court entered an Order granting Plaintiff's unopposed motion to extend the deadline for filing her Response to UPS's Motion for Summary Judgment. The Court extended the deadline to January 28, 2008, and the Order is clear in this regard. (Jan. 10, 2008 Order.) Apparently ignoring the Order, Plaintiff filed her Response on January 31, 2008 and offered no explanation for the late filing. Moreover, Plaintiff did not seek an extension of the January 28, 2008 deadline.

Under the applicable law, a court may enlarge a period of time within which an act, such as a court filing, is to be performed "for cause shown" and "if request therefore is made **before**

- 2 -

the expiration of the period originally prescribed or as extended by a previous order." Fed. R. Civ. P. 6(b) (emphasis added). In the absence of such a timely request, the period may be enlarged only "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Id.

Here, Plaintiff neither sought an extension of the January 28, 2008 filing deadline before that deadline passed nor filed a motion after the deadline demonstrating excusable neglect for her late filing. Plaintiff's failures in this regard are inexcusable given that the Court extended Plaintiff's original deadline to file her Response by 17 days, Plaintiff sought no further extension, and Plaintiff has made no attempt to show why she failed to meet the extended deadline. For these reasons, the Court should strike Plaintiff's Response in its entirety. See Young v. City of Palm Bay, 358 F.3d 859, 864 (11th Cir. 2004) (holding district court did not abuse its discretion in refusing to consider an untimely response to summary judgment motion); United Nat'l Ins. Co. v. Owl's Nest of Pensacola Beach, Inc., No. 3:05CV374MCRMD, 2006 WL 1653380, at *3 (N.D. Fla. June 8, 2006) (striking response to summary judgment motion that party filed three days late and "without acknowledging the lateness of his filing or seeking leave of court to file out of time" (citing Mosley v. MeriStar Mgmt. Co., LLC, 137 Fed. Appx. 248 (11th Cir.2005) (unpublished) (finding no abuse of discretion in district court's striking opposition to a motion for summary judgment filed four days late and containing no request for enlargement or explanation for untimeliness))); Wilshin v. Allstate Ins. Co., 212 F. Supp. 2d 1360, 1364 (M.D. Ga. 2002) (striking summary judgment motion filed after deadline); see also Dedge v. Kendrick, 849 F.2d 1398, 1398 (11th Cir. 1988) (upholding denial of summary judgment motion filed after deadline).

- 3 -

If the Court accepts Plaintiff's late filing, however, UPS respectfully requests that the Court extend UPS's deadline to file a reply brief to February 15, 2008. The Court's January 10, 2008 Order requires UPS to file its reply by February 11, 2008, and a short extension of this deadline is needed to provide UPS the equivalent time it would have had to prepare and file a reply had Plaintiff timely filed her Response in accordance with the January 10 Order.

Respectfully submitted this 1st day of February, 2008.

s/ Jeremy D. Tucker
Lisa H. Cassilly
Georgia Bar No. 116030
Jeremy D. Tucker
Georgia Bar No. 142484
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel. No. (404) 881-7000
Fax No. (404) 881-7777

William J. Baxley (BAX 001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN
& McKNIGHT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.: (205) 271-1108

Attorneys for Defendant

LEGAL02/30687323v1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY DEBOSE LAMPKIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:06-CV-538-WKW |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## CERTIFICATE OF SERVICE

I certify that I have filed this date the foregoing DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE IN OPPOSITIION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE REPLY BRIEF with the Clerk of Court using the CM/ECF system, which will send electronic notification to:

> Crystal M. James
> Crystal James & Associates, LLC
> 8451 S. Cherokee Blvd., Suite F
> Douglasville, GA 30134
> jamesllc@bellsouth.net

This 1st day of February, 2008.

                                        s/ Jeremy D. Tucker
                                        Jeremy D. Tucker

- 4 -

LEGAL02/30687323v1